IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY SHELLEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-028-RGA |
| WARDEN DANA METZGER, et al., | : |
| Defendants. | : |

Leroy Shelley, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 28, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Leroy Shelley, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Complaint is screened and reviewed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Plaintiff has also filed a motion for injunctive relief. (D.I. 8).

## BACKGROUND

Plaintiff alleges violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as violations under the Religious Land Use & Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* and the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb, *et seq.* Plaintiff was housed in SHU (*i.e.*, security housing unit) and alleges that when he was out for exercise on May 21, 2018, his religious calendar was confiscated due to "quality of life" rules. (D.I. 3 at 5). He does not know the name of the officer who took the calendar. He filed a grievance seeking an explanation of the "quality of life" rules, and it went unanswered and unprocessed. (*Id.*).

Plaintiff wrote to Defendant Captain Dotson, RHU (*i.e.*, restricted housing unit) commander, and Lt. Shaffer, SHU law librarian, for a copy of the "qualify of life"

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

rule/policy and received no answer. (*Id.*). Next, Plaintiff wrote to Defendant Warden Dana Metzger on June 3, 2018, and requested a copy of the "quality of life" rule/policy, and Metzger responded that inmates were "not privy" to it. (*Id.*). Metzger advised Plaintiff to ask his counselor for a detailed explanation. (*Id.* at 6). Plaintiff wrote to his counselor, but he did not respond to Plaintiff. (*Id.*).

During a shakedown on September 12, 2018, Defendant Corporal Figeroa confiscated Plaintiff's television. (*Id.*). Figeroa told Plaintiff that he would be written up for abuse of privileges and possession of non-dangerous contraband because the television was a privilege under "qualify of life." (*Id.* at 6). Plaintiff questioned Figeroa because the television had been returned to Plaintiff by Officer Stanford on April 21, 2018 upon Plaintiff's release from disciplinary custody. (*Id*). On September 28, 2018, Dotson sanctioned Plaintiff to a five-day loss of privileges. (*Id.*). Plaintiff alleges the sanction was imposed on top of one he received from the hearing examiner and that it was not a disciplinary appeal. (*Id.*). Plaintiff alleges that this resulted in a write-up and two punishments for the same offense. (*Id.*). Plaintiff sent Metzger a copy of the "fraudulent sanction" from Dotson, and alleges that Metzger took no action and denied Plaintiff the right to due process. (*Id.* at 7, 9).

Plaintiff seeks injunctive relief as follows:  (1) to be allowed to practice his religion; (2) with other inmates, to be allowed to attend religious services or to view broadcasts of religious services on institutional channel 19 on their own televisions; (3) to forbid the Department of Correction from confiscating an inmate's personal property

2

that is "non-contraband" unless the inmate is in disciplinary custody; (4) to expunge Figeroa's write-up; and (5) to prohibit the DOC from punishing any inmate for a rule or policy violation when the inmate has no notice of the rule or policy. Plaintiff seeks: (1) compensatory and punitive damages from Metzger and for Metzger to stipulate that the "quality of life policy" is a privilege policy; and (2) compensatory and punitive damages from Dotson and the referral of Dotson to the Department of Justice for a criminal investigation.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that,

4

because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Respondeat Superior**. The allegations against Metzger do not rise to the level of a constitutional violation. Plaintiff alleges that he wrote to Metzger and requested a copy of the "quality of life" rule/policy, Metzger responded that inmates were "not privy" to the quality of life policy, and advised Plaintiff to ask his counselor for a detailed explanation.[2] Plaintiff wants Metzger to stipulate that the "quality of life policy" is a privilege policy. These allegations indicate that Metzger responded to Plaintiff, but not in the manner Plaintiff wished. Metzger's actions did not violate Plaintiff's constitutional rights.

---

[2] According to the State of Delaware's website, all inmates at JTVCC are classified and assigned quality of life levels consistent with their criminal history, institutional behavior/history, threat to public safety and institutional safety and security, and program needs. *See* https://doc.delaware.gov/views/jtvcc.blade.shtm (last visited Apr. 21, 2020).

5

Plaintiff also alleges that he sent Metzger a copy of the "fraudulent sanction" imposed upon him by Dotson and, when Metzger took no action, he denied Plaintiff the right to due process. This claims seems to be based upon Metzger's supervisory position.

As is well-established, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Personal involvement is required. Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Even when liberally construing the allegations, it cannot be said Plaintiff has shown Metzger's personal involvement through acquiescence. At most, it seems that Plaintiff did not received a response from Metzger after Plaintiff sent him a copy of the Dotson's sanction. Moreover, as will be discussed, Plaintiff's due process claims are not cognizable.

Accordingly, the claims against Metzger will be dismissed as frivolous.

**Grievances**. Plaintiff alleges that he filed a grievance that went unanswered and unprocessed. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff

6

bases his claim upon his dissatisfaction with the grievance procedure or denial of his grievance, or failure to respond to his grievance, the claim fails because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). This claim will be dismissed.

**Personal Property**. Plaintiff alleges that his religious calendar and television were confiscated by JTVCC personnel. To the extent Plaintiff raises a claim for the confiscated property, the claim fails. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Because Delaware law provides an adequate remedy for Plaintiff, he cannot maintain a cause of action for the confiscation of his property pursuant to § 1983. *See Hudson*, 468 U.S. at 535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157 (D. Del. 2001). Therefore, dismissal of the claim is appropriate.

**Religion**. Plaintiff alleges violations of the First Amendment of the United States Constitution as well as violations under RLUIPA and RFRA when his religious calendar and television were confiscated due to "quality of life" rules. He seeks injunctive relief to

practice his religion and to allow SHU inmates to attend religious services together or to view broadcasts of religious services on institutional channel 19 using their own televisions.

The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith." *Cruz v. Beto*, 405 U.S. 319, 322 & n.2 (1972). RLUIPA may be violated when officials impose a "substantial burden on [Plaintiff's] religious exercise." *See* 42 U.S.C. § 2000cc–1. Plaintiff's allegations fail to state a First Amendment free exercise claim because the Complaint does not allege facts showing that any Defendant denied Plaintiff a reasonable opportunity to pursue his faith. Plaintiff alleges nothing to suggest that his complaint is based on his own sincerely held religious beliefs. *See Sutton v. Rasheed*, 323 F.3d 236, 250 (3d Cir. 2003) (unless the request is "the result of sincerely held religious beliefs, the First Amendment imposes no obligation on the prison to honor that request") (quoting *DeHart v. Horn*, 227 F.3d 47, 52 (3d Cir. 2000)). Here, Plaintiff does not allege in what way any defendant personally interfered with his exercise of his religious beliefs.

Nor does Plaintiff allege sufficient facts showing that the government imposed a substantial burden on his religious exercise, contrary to RLUIPA. To state a claim under RLUIPA, a plaintiff must allege that his religious exercise has been burdened substantially by the challenged conduct. *Washington v. Klem*, 497 F.3d 272, 277 (3d Cir. 2007). A substantial burden exists where: (1) a follower is forced to choose

between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. *Id.* at 280. The Complaint contains no facts supporting either of these avenues for relief.

The allegations do not state a claim under the First Amendment or RLUIPA. Therefore, the Court will dismiss both claims. Because it is possible that Plaintiff may be able to articulate a claim against Defendants or name alternative Defendants, he will be given an opportunity to amend both claims.

Finally, Plaintiff attempts to raise a RFRA claim. The Supreme Court of the United States struck down RFRA as unconstitutional, holding that it exceeded the scope of Congress' enforcement power under section 5 of the Fourteenth Amendment. *City of Boerne v. Flores*, 521 U.S. 507, 535 (1997); *see Sutton v. Rasheed*, 323 F.3d 236, 244 n.12 (3d Cir. 2003) ("as applied to the states and, hence to state officials, RFRA exceeds congressional power. The RFRA claim fails as a matter of law and will be dismissed.

**Due Process**. Plaintiff alleges violations of his right to due process when during a shakedown his television was confiscated and Plaintiff was told that he would be written up for abuse of privileges and possession of non-dangerous contraband because the television was a privilege under "quality of life" rules. Plaintiff alleges that on September 28, 2018, Dotson imposed upon him a fraudulent sanction of five days

9

loss of privileges, that the sanction was imposed on top of the one received from the hearing examiner, and that it was not a disciplinary appeal.[3] Plaintiff alleges this resulted in a write-up and two punishments for the same offense in violation of the Fifth Amendment Double Jeopardy Clause and his right to due process. (*Id.*).

The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Plaintiff's claims for violation of his right to due process are legally frivolous. The punishment imposed upon him, loss of privileges for five days, is not severe enough to trigger due process protections.

Plaintiff has failed to allege a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "States may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citations omitted).

---

[3] The Complaint does not explain when or why Plaintiff was sanctioned by the hearing examiner or what type of sanction was imposed.

In *Sandin*, the discipline administered the prisoner was confinement in isolation, which fell "within the expected perimeters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 485-86. The five-day loss of a privileges sanction imposed upon Plaintiff "falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485; *see Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (prisoner's confinement in administrative segregation for fifteen months). The due process claim is legally frivolous and will be dismissed.

**Double Jeopardy**. Plaintiff alleges that Dotson subjected him to double jeopardy. The double jeopardy claim is without merit because a disciplinary hearing is not a prosecution for double jeopardy purposes, and sanctions imposed as a result of such hearings do not bar future criminal prosecution. *See United States v. Newby*, 11 F.3d 1143, 1144 (3d Cir. 1993); *Campbell v. Hooper*, 2011 WL 2443762, at *3 (D. Del. June 14, 2011). Prison disciplinary proceedings are used to determine whether prison rules have been broken and to maintain institutional order, and are not a prosecution for criminal conduct. *Id.* Because disciplinary sanctions are not prosecutions for criminal conduct, Plaintiff fails to state a cognizable double jeopardy claim. The claim is frivolous and will be dismissed.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff's motion for injunctive relief is based upon the claims raised in his Complaint. He states that injunctive relief is appropriate because: (1) his religious and

11

personal property were confiscated pursuant to a "phantom policy"; (2) he and other inmates have had religious articles and personal property confiscated under a quality of life policy; and (3) he and hundreds of other inmates have been denied religious services while housed in SHU. (D.I. 8 at 1-2). Plaintiff asks the Court to enter an order for the DOC to return to inmates housed in SHU any confiscated television, radio, or religious articles and to allow inmates to either participate in joint worship services or to have their televisions returned to them so that they may view institutional religious programming. (*Id.* at 2).

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Considering that Plaintiff's Complaint does not state cognizable claims, and the lack of any evidence to support the instant motion, the Court finds that Plaintiff has

failed to show the likelihood of success on the merits or irreparable harm. Therefore, the Court will deny the motion.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for injunctive relief (D.I. 8); (2) dismiss the Complaint as frivolous and for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); and (3) give Plaintiff leave to amend the First Amendment religion claim and the RLUIPA claim. Amendment is futile as to all other claims.

An appropriate Order will be entered.