IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEROY SHELLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-028-RGA |
| | : | |
| WARDEN DANA METZGER, et al., | : | |
| | : | |
| Defendants. | : | |

Leroy Shelley, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.


**<ins>MEMORANDUM OPINION</ins>**


March 9, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Leroy Shelley, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1]  (D.I. 3).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 5). Before the Court is Plaintiff's Amended Complaint that I will screen and review under 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  (D.I. 14).  I will also consider Plaintiff's second motion for injunctive relief.  (D.I. 15).

## BACKGROUND

In the original Complaint, Plaintiff alleged violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as violations under the Religious Land Use & Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*. and the Religious Freedom Restoration Act of 1993,  42 U.S.C. § 2000bb, *et seq*.  (D.I. 3).  I screened the original complaint, dismissed it, and gave Plaintiff leave to amend his First Amendment religion claim and his Religious Land Use and Institutionalized Persons Act claim.  (D.I. 12, 13).  He filed an Amended Complaint on May 21, 2020.[2]  (D.I. 14).  At the same time he filed a second motion for injunctive relief and temporary restraining order.  (D.I. 15).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] The Amended Complaint does not contain a case caption so it is not clear who Plaintiff names as defendants, although they are presumably Warden Dana Metzger and

1

Plaintiff is a Jehovah's Witnesses adherent.  (D.I. 14 at 5).  Plaintiff was housed in general population at JTVCC and attended Jehovah's Witnesses worship services until his transfer to SHU (*i.e.*, security housing unit) on February 22, 2018.  (*Id.* at 1). He alleges that on April 1, 2018 Warden Metzger issued a "quality of life" memo, effective May 1, 2018.  (*Id.*).  Plaintiff alleges that the "quality of life" memo was an addendum to a DOC policy and that the policy was not placed in the inmate housing area or distributed to staff in written form and this caused confusion.  (*Id.*)

Plaintiff alleges that during a shakedown on May 23, 2018, his religious calendar was confiscated, "per quality of life policy" by an officer whose name tag was covered. (*Id.*).  Plaintiff alleges that his calendar directs him to "read certain bible passages on certain days, weekly bible readings, and yearly Passover readings."  (*Id.*).  Plaintiff wrote to Warden Dana Metzger and requested a copy of the "quality of life" rule/policy, Metzger responded that inmates were "not privy" to it, and told Plaintiff that his counselor would explain the policy to him.  (*Id.*).  Plaintiff wrote to his counselor, but received no response.  (*Id.*).  Plaintiff alleges that he was forced to follow institutional religious services on channel 19 (Christian)  because the counselor did not write back. (*Id.*).

Plaintiff alleges that religious services are not available in SHU due to security issues and services are taped so that SHU inmates can watch them on their televisions.

---

Corporal Figeroa, both of whom are referred to in the Amended Complaint and both of whom were named as defendants in the original Complaint.

(*Id*. at 2).  Plaintiff alleges that on or about August 12, 2018, Corporal Figeroa confiscated Plaintiff's television citing the "qualify of life policy," and after his television was confiscated, he had no way to access religious programming.[3]  (*Id*. at 2).  Plaintiff alleges that numerous inmates have had religious pamphlets, rosary beads, prayer rugs, and televisions confiscated due to qualify of life policies.  (*Id*.).  Plaintiff alleges that as of May 10, 2020 inmates in SHU have no religious services available and they cannot watch televised religious services, which is contrary to past policies.  (*Id.* at 6).

Plaintiff alleges that Warden Metzger violated his right to due process,[4] First Amendment religious rights, and RLUIPA when he created a "qualify of life" memo that is not an actual DOC policy and the memo gave correctional staff unlimited, unfettered power to confiscate inmate property and issue violations for acts that are not misconduct under DOC Policy 4.2.  (*Id*. at 2).  He alleges that Figeroa violated his right to due process, First Amendment religious rights, and RLUIPA when Figeroa seized Plaintiff's television and left him no way to access religious programming.  (*Id*. at 2-4).  Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief.

---

[3] The television was confiscated when Plaintiff was issued a misconduct report for possession of contraband.  (D.I. 14 at 6).  Plaintiff states that televisions and religious calendars are not listed as contraband per DOC policy.  (*Id*.).

[4] The Court does not address Plaintiff's due process claims.  I dismissed the due process claims in the original complaint.  Plaintiff was given leave to amend this First Amendment religion claim and RLUIPA claim.  All other claims were dismissed as frivolous.

3

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening

provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if the action "is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,

452 (3d Cir. 2013).  The Court must accept all factual allegations in a complaint as true

and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

(2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See*

*Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only

where it depends 'on an 'indisputably meritless legal theory' or a 'clearly baseless' or

'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant

to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

1999).  However, before dismissing a complaint or claims for failure to state a claim

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C.

§§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless

4

amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

**DISCUSSION**

**Deficient Pleading**.  The Amended Complaint does not contain a caption any does not identify any defendant.  As pled, the Court is left to guess who Plaintiff intended to name as defendant(s).  Dismissal is appropriate for this reason alone.

**Religion**.  Plaintiff alleges violations of the First Amendment and RLUIPA because his religious calendar and television were confiscated due to "quality of life" rules.

The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith."  *See Cruz v. Beto*, 405 U.S. 319, 322 & n.2 (1972).  RLUIPA may be violated when officials impose a "substantial burden on [Plaintiff's] religious exercise."  *See* 42 U.S.C. § 2000cc–1. Plaintiff's allegations fail to state a First Amendment free exercise claim because the Complaint does not allege facts showing that any Defendant denied Plaintiff a reasonable opportunity to pursue his faith.  While Plaintiff alleges that his religious calendar and television were confiscated and there are no religious services available in maximum security, the Amended Complaint provides no facts that define the scope of Plaintiff's religious practices in a way that plausibly alleges he lacks any alternative means of practicing his religion.

Nor does the Amended Complaint allege sufficient facts showing that the government imposed a substantial burden on his religious exercise, contrary to RLUIPA.  To state a claim under RLUIPA, a plaintiff must allege that his religious

6

exercise has been burdened substantially by the challenged conduct. *Washington v. Klem*, 497 F.3d 272, 277 (3d Cir. 2007).  A substantial burden exists where:  (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.  *Id*. at 280.  Plaintiff does not allege that he is forced to choose between a general available benefit and the exercise of his religion.  Nor do the allegations demonstrate that Plaintiff was pressured to substantially modify his behavior and violate his religious beliefs.  Hence, Plaintiff has failed to state a claim for relief under RLUIPA.

The Amended Complaint does not state a claim under the First Amendment or RLUIPA.  Therefore, the Court will dismiss both claims.  Because it is possible that Plaintiff may be able cure his pleadings to articulate a claim against Defendants or name alternative Defendants, he will be given one final opportunity to amend both claims to cure his pleading defects.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff has filed a second motion for injunctive relief.  (D.I. 15).  He alleges that Warden Metzger's "policy of life" memo which allows staff to confiscate property and issue misconduct reports does not allow inmates to access programming on their televisions and that no alternative religious accommodations were implemented.  (*Id*.).  He contends that the DOC has interfered with his religious rights.  Plaintiff seeks

7

injunctive relief to stop the practice and an order directed Defendants and JTVCC to allow inmates to participate in religious services or to "return all confiscated religious articles including televisions to access religious programming as DOC policy permits."

To obtain injunctive relief, a party must show a likelihood of success on the merits, irreparable harm if the injunction is not granted, that relief will not cause greater harm to the nonmoving party, and that relief is in the public interest. *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010). The third and fourth factors merge when the Government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-MarEnterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

I will deny Plaintiff's motion for the same reasons I am dismissing his Amended Complaint. For relief sought under the First Amendment, Plaintiff identifies his religion, but does not describe his religious practices or how he practices them. For relief under RLUIPA, he does not present facts that there exists a substantial burden on his religious exercise. Considering that Plaintiff's Amended Complaint does not state cognizable claims, and the lack of any evidence to support the instant motion, the Court finds that

8

Plaintiff has failed to show the likelihood of success on the merits or irreparable harm. Therefore, the Court will deny the motion without prejudice to renew.

**CONCLUSION**

For the above reasons, the Court will:  (1) deny without prejudice Plaintiff's second motion for injunctive relief (D.I. 15); (2)  dismiss the Amended Complaint for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and (3) give Plaintiff leave to amend the First Amendment religion claim and the RLUIPA claim.

An appropriate Order will be entered.